IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyler Dwayne Williams, #323975, | ) | C/A No. 8:13-2670-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections; | ) | |
| Kirkland Pharmacy; Dr. Thomas Byrnes, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Tyler Dwayne Williams ("Plaintiff"), proceeding *pro se*, brings this civil action

pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Allendale Correctional

Institution ("ACI"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Two

Defendants should be summarily dismissed from this action.[1]

<u>Background</u>

Plaintiff alleges that during his incarceration at ACI, Dr. Byrnes saw him at sick call

on April 16, 2013, for redness, dryness, and flakes on skin, and the doctor stated he would

send Plaintiff medicine for the problem.[2] Complaint [Doc. 1]. Plaintiff alleges he received

the prescription medicine on April 18 or 19, 2013, from Kirkland Pharmacy. *Id.* at 3–5. He

alleges that Kirkland Pharmacy acted with "gross negligence" by mislabeling the

prescription with a label that stated to drink one drop by mouth daily for seven days when

the medicine was actually for external use only. *Id.* He alleges that "Kirkland Pharmacy

---

[1] In a separate order, this Court authorizes issuance and service of process on Defendant
Dr. Thomas Byrnes.

[2] Because service of process is authorized for Dr. Byrnes, the additional factual allegations
against him are not included in this Background because they are not necessary for this
Report and Recommendation.

did not do there (sic) job properly by making sure no mistakes were made with the medication." *Id.* He alleges he drank the medicine each day for seven days, and, after five or six days, he began to have stomach pain, vomiting, and bleeding from his rectum. *Id.* He alleges on April 24, 2013, he went to sick call and learned that he should not have been drinking the medicine and was instructed to stop the medicine. *Id.* Plaintiff seeks $500,000 in damages for physical injury and mental distress. *Id.* at 6.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

Defendants South Carolina Department of Corrections ("SCDC") and Kirkland Pharmacy should be dismissed on the ground Plaintiff fails to state a claim on which relief may be granted against them. The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or

immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Kirkland Pharmacy is a building or department, which is not considered a person amenable to suit under § 1983.  *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983).  Even if Plaintiff seeks to sue the people employed within Kirkland Pharmacy, he fails to state a claim on which relief may be granted because groups of people are not amenable to suit under § 1983.  *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

Moreover, Plaintiff's allegations against Kirkland Pharmacy sound in negligence based on the mistaken prescription medicine label.  However, it is well settled that negligence, in general, is not actionable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995)

(applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

SCDC is a state agency that has Eleventh Amendment immunity from a suit for damages brought in this Court.  *See Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978).  Under *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), a state must expressly consent to suit in a federal district court.  *Id.*  The State of South Carolina has not consented to suit in a federal court.  *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).  Thus, SCDC should be dismissed from this action based on immunity.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss Defendants SCDC and Kirkland Pharmacy from this action *without prejudice and without issuance and service of process*.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  At this time, this action is proceeding against Defendant Dr. Thomas Byrnes. **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

October 31, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).